IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Emmett Rufus, | Case No. 1:09 CV 1020 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Phillip Kerns, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner Emmett Rufus ("Rufus"), a prisoner in state custody at the Southern Ohio Correctional Facility, filed a Petition for a Writ of Habeas Corpus (Doc. No. 1). Respondent filed a Return of Writ (Doc. No. 8) and Petitioner filed a Traverse (Doc. No. 9). Petitioner alleges his sentence violates his rights guaranteed by the Due Process clause of the U.S. Constitution. This Court has jurisdiction pursuant to 28 U.S.C. § 2254(a).

This case was referred to Magistrate Judge Armstrong for a Report and Recommendation ("R&R") pursuant to Local Rule 72.2. The Magistrate recommended denial of the Petition (Doc. No. 10). Petitioner filed an Objection (Doc. No. 11).

Pursuant to *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings and adopts the recommendation.

**BACKGROUND**

The R&R accurately recites the relevant procedural background, which is not objected to by Petitioner, and this Court adopts that record summary it in its entirety (Doc. No. 10, pp. 1–6). Briefly, Petitioner pled guilty to four charges stemming from three separate criminal indictments in 2005 -- escape, felonious assault, aggravated robbery with a firearm specification, and having a weapon while under disability with a firearm specification (Doc. No. 8, Ex. 4, 5, 6). In December 2005, Petitioner was sentenced to a total of seventeen years, eleven months on all charges (Doc. No. 8, Ex. 9).

Petitioner appealed his sentence to the Ohio court of appeals. In September 2006, the court of appeals reversed and remanded the case for re-sentencing in light of the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St. 3d 1 (2006).

On re-sentencing, the Lake County Court of Common Pleas imposed the same sentence of seventeen years, eleven months on all charges (Doc. No. 8, Ex. 20). Petitioner again appealed, asserting violations of due process, ex post facto, and the separation of powers based on the imposition of more-than-the-minimum, consecutive prison terms (Doc. No. 8, Ex. 26). The court of appeals affirmed the trial court's re-sentencing (Doc. No. 8, Ex. 28). Petitioner's re-sentencing appeal to the Ohio Supreme Court was dismissed as not involving any substantial constitutional question (Doc. No. 8, Ex. 32).

Petitioner filed the present habeas petition before this Court, asserting two grounds for relief under the Due Process Clause of the Constitution (Doc. No. 1 pp. 5–6, 15–17).

**STANDARD OF REVIEW**

When the basis for a federal habeas claim has been previously adjudicated by the state courts, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the writ shall not

issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  A federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect.  *Williams*, 529 U.S. at 409–11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, and rebuttable only by clear and convincing evidence to the contrary.  *McAdoo v. Elo,* 365 F.3d 487, 493-94 (6th Cir. 2004).  Furthermore, Rule 8(b)(4), Section 2254 states: "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate."

### ANALYSIS

The Petition sets forth two grounds for review (Doc. No. 1, at 5–6; Doc. No. 11, p. 2):

GROUND ONE: A trial court violates an individual's rights under the Due
Process Clause of the United States Constitution when it sentences the individual
to more-than-the-minimum and consecutive prison terms that were not available
to the court at the time the individual committed the offense.

GROUND TWO: A trial court violates an individual's right to due process when
it sentences the individual to more-than-the-minimum and consecutive terms with
no additional findings made by a jury and when the individual had no actual or
constructive notice of the possible sentences.

3

Petitioner objects to the manner in which the Magistrate phrased Petitioner's grounds for relief in the R&R (Doc. No. 11, p. 2). However, Petitioner agrees with the Magistrate's statement that Petitioner is only seeking relief under the Due Process Clause and is not pursuing any claims under the Ex Post Facto Clause (Doc. No. 11, p. 2). Because the Magistrate's analysis focuses only on the due process grounds that Petitioner agrees are the basis of his claim, Petitioner's objection to the Magistrate's paraphrasing of Petitioner's grounds for relief is moot.

The Magistrate concluded that the Petition lacks merit on due process grounds because the prison sentence given to Petitioner does not violate his due process rights. At the time of his plea, Plaintiff was fully advised of the court's discretion to impose consecutive, non-minimum sentences within the statutory range. Additionally, Plaintiff has not demonstrated that he possessed a protected property or liberty interest in being re-sentenced to non-consecutive, minimum sentences (Doc. No. 10, pp. 11–12).

Petitioner raises one primary objection: the R&R incorrectly concluded the state court re-sentencing after *Foster* did not violate Petitioner's due process rights. Petitioner argues the *Foster* severance of the Ohio sentencing code sections was both unforeseeable and indefensible by reference to prior law and thus Petitioner could not have anticipated the consecutive, non-minimum sentences that were imposed. This, in turn, resulted in a disadvantage to Petitioner and has "eviscerated" the goals of uniformity and proportionality in sentencing in violation of due process (Doc. No. 11, pp. 3–5).

In *Foster*, the Ohio Supreme Court struck down certain provisions of Ohio's sentencing guidelines that permitted sentencing enhancements based on judicial fact-finding. 109 Ohio St. 3d 1 (2006). The court severed three unconstitutional enhancements—Revised Code Sections

2929.14(B), 2929.14(C) and 2929.14(E)(4)—related to consecutive, non-minimum, and maximum sentences in Ohio's sentencing guidelines. *Id.* at 29. Furthermore, following a similar severance remedy adopted by the U.S. Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), the *Foster* court held that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at 30.

Petitioner's objection acknowledges that due process challenges to *Foster* re-sentencings have consistently been rejected by the federal courts, but invites this Court to reach a different outcome in this case based on the facts at hand. After reviewing the transcript of Petitioner's re-sentencing, this Court does not believe the facts in this case warrant a different outcome.

Petitioner's criminal conduct was prohibited by Ohio statutes before *Foster,* and those same statutes provided him notice of the potential range of sentences he could receive. *Rhoads v. Welch*, 2009 WL 3600330, at *4 (N.D. Ohio 2009); *see also U.S. v. Jamison*, 416 F.3d 538, 539 (7th Cir. 2005); *State v. Elswick*, 2006 WL 3833868, at *24 (Ohio Ct. App. 2006). *Foster* did not enlarge the potential sentence, but instead held that in the context of mandatory state law sentencing guidelines, state court judges are prohibited from *enhancing* criminal sentences based on facts other than those decided by the jury or admitted by the defendant. *See Arias v. Hudson*, 589 F.3d 315 (6th Cir. 2009). The statutory range of permissible sentences for the crimes Petitioner committed remained unchanged before and after *Foster*. *Rhoads*, 2009 WL 3600330, at *4.

Petitioner had notice and fair warning he could be sentenced anywhere between six to twelve months on the escape charge, two to eight years on the felonious assault charge, three to

5

ten years on the aggravated robbery charge, one and five years on the having a weapon while under a disability charge, and a mandatory three years for each of the two firearm specifications when he committed, and subsequently pled, to the crimes at issue. Thus, Petitioner's actual sentence of seventeen years, eleven months was foreseeable in light of the maximum potential statutory sentence of thirty years. "The Sixth Amendment jury trial right simply ensures that the defendant will never get *more* punishment than he bargained for when he did the crime; it does not promise that he will receive anything less than that." *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) (internal quotations omitted). Petitioner fails to demonstrate that the retroactive application of *Foster's* elimination of the trial court's fact-finding requirement for more-than-the minimum sentences violates the Due Process Clause of the U.S. Constitution. Petitioner did not receive a sentence greater than that allowed under the laws of Ohio at the time he committed his crimes, and *Foster* therefore did not alter his substantial rights.

## CONCLUSION

After conducting a *de novo* review, Petitioner's objections are not well taken. Accordingly, the Petition for Writ of Habeas Corpus is dismissed with prejudice. Further, under 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this action could not be taken in good faith and no certificate of appealability shall issue.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 29, 2010